Arnold E. Brown (SBN 167679)
Email: abrown@schwabe.com
Stephen G. Sullivan (SBN 164495)
Email: ssullivan@schwabe.com
**SCHWABE, WILLIAMSON & WYATT, P.C.**
455 N. Whisman Rd., Ste. 200
Mountain View, CA 94043
Telephone: 650.396.1401
Facsimile: 650.396.1415

Brenna K. Legaard (*Admitted Pro Hac Vice*)
Email: blegaard@schwabe.com
**SCHWABE, WILLIAMSON & WYATT, P.C.**
1211 SW Fifth Avenue, Ste. 1900
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

*Of Attorneys for Defendant*
*Anti-Malware Testing Standards Organization, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NSS LABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CROWDSTRIKE, INC.; SYMANTEC CORPORATION; ESET, LLC; ANTI-MALWARE TESTING STANDARDS ORGANIZATION, INC; AND DOES 1-50, INCLUSIVE, <br><br> Defendants. | CASE NO. 5:18-cv-05711-BLF <br><br> **DEFENDANT ANTI-MALWARE TESTING STANDARDS ORGANIZATION, INC.'S RESPONSE TO THE JUSTICE DEPARTMENT'S STATEMENT OF INTEREST** |

**The primary reason AMTSO should be dismissed has nothing to do with the SDOAA.** NSS fails to allege that AMTSO participated in the purported boycott. All AMTSO is alleged to have done is to adopt a voluntary standard and foster debate about its merits, which is not illegal at all, let alone *per se* illegal. *See FTC v. Superior Court Trial Lawyers Ass'n*, 493 U.S. 411, 425-26 (1990) ("[I]t is, of course, clear that the association's efforts to publicize the boycott, to explain the merits of its cause… were activities that were fully protected by the First Amendment" even where the boycott itself violated antitrust laws.); Dkt. 86 at 23 ("If the antitrust laws are going to chill debate, which they don't, we would really be in the wrong place."). This basis for dismissal is entirely independent from the SDOAA.

**The Division's argument contradicts Supreme Court and Ninth Circuit precedent regarding when a statutory provision should be construed as an affirmative defense.** The Division urges the Court to find that the SDOAA establishes an affirmative defense in order to shift the burden of proof to AMTSO. But the Supreme Court and the Ninth Circuit have defined the circumstances in which such a burden shift is appropriate, and the Division neither acknowledges nor follows that precedent.

NSS bears the burden of proof unless Congress intend to shift it to AMTSO. "It is one of the most basic propositions of the law . . . that the plaintiff bears the burden of proving his case." *Tourgeman v. Nelson & Kennar*, 900 F.3d 1105, 1109 (9th Cir. 2018) (internal quotations and cite omitted). "[C]ertain elements of a plaintiff's claim may be shifted to defendants, when such elements can fairly be characterized as affirmative defenses or exemptions." *Schaffer v. Weast*, 546 U.S. 49, 57-58 (2005) *Id.* (cite omitted). But "[a]bsent some reason to believe that Congress intended otherwise," the Court should "conclude that the burden of persuasion lies where it usually falls, upon the party seeking relief," which is NSS. *Id.* (cite omitted).

Nothing in the SDOAA suggests that Congress intended to shift the burden of proof. *See* 15 U.S.C. §4302; *Tourgeman*, 900 F.3d at 1110 ("If Congress had intended to depart from the default rule and make net worth an affirmative defense or exemption, it could have limited liability to $500,000 ***unless*** the [pertinent language applied].") (citing *Evankavitch v. Green Tree Servicing, LLC*, 793 F.3d 355, 362 (3d Cir. 2015) (holding that "unless" is "telltale language…

Page 1 -   DEFENDANT AMTSO'S RESPONSE TO
JUSTICE DEPT.'S STATEMENT OF INTEREST –
5:18-cv-05711-BLF

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

1 indicative of an affirmative defense.")).  Nothing in the legislative history addresses the burden
2 of proof at all, let alone supports the Division's position.  The Division's argument must be
3 rejected because the Division fails to follow controlling case law or support its position with any
4 evidence that Congress intended the SDOAA to be an affirmative defense.

**The Division asks the Court to eviscerate the SDOAA.**  As the Division itself contends, a "balance of interest" requires "meaningful involvement." Dkt. 91 at 4-5. The Division cannot and does not contend that testers were not meaningfully involved in developing the Standard.  In addition to the tester participation detailed at Dkt. 66, pp 6-8, which the Division ignores, the Court should note that contrary to NSS's representation to the Court, Dkt. 86 at p. 41, an NSS representative was on the AMTSO Board from December of 2016 through June of 2017.  Instead of crediting the involvement of testers including NSS in the development of the Standard, the Division advocates a numerical test that is not found in the statute or the OMB Circular, and that would eviscerate the SDOAA.  No SDO can be defined by "openness," as the OMB Circular requires, and also ensure that no "interest" is numerically outnumbered by any other "interest," because the Division would impose a need to limit membership in order to achieve "balance."  Moreover, any plaintiff could define "interest" in any way that suits his case—the Division uncritically adopts NSS's definition of "testers" as an outnumbered "interest" even though half of testers voted for the Standard.  *See* Dkt. 51 at 12.  The losing side of any vote is by definition an "interest" that was outnumbered.

Congress's purpose in adopting the SDOAA was to encourage activity by SDOs by providing "relief from the threat of liability under the antitrust laws." Dkt. 51 at p. 16 (quoting 149 Cong Rec H 5104 (June 10, 2003)).  The Division asks this Court to construe the SDOAA in such a way that it provides no such relief, which is demonstrably at odds with Congressional intent.

Page 2 -   DEFENDANT AMTSO'S RESPONSE TO
JUSTICE DEPT.'S STATEMENT OF INTEREST –
5:18-cv-05711-BLF

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

1 | Dated this 8th day of July, 2019.          Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By: /s/ Brenna K. Legaard
    Brenna K. Legaard (*Admitted Pro Hac Vice*)
    Email: blegaard@schwabe.com
    SCHWABE, WILLIAMSON & WYATT, P.C.
    1211 SW Fifth Avenue, Ste. 1900
    Portland, OR 97204
    Telephone: 503.222.9981

    Arnold E. Brown (SBN 167679)
    Email: abrown@schwabe.com
    Stephen G. Sullivan (SBN 164495)
    Email: ssullivan@schwabe.com
    SCHWABE, WILLIAMSON & WYATT, P.C.
    455 N. Whisman Rd., Ste. 200
    Mountain View, CA 94043
    Telephone: 650.396.1401

*Of Attorneys for Defendant*
*Anti-Malware Testing Standards Organization, Inc.*

Page 3 -   DEFENDANT AMTSO'S RESPONSE TO JUSTICE DEPT.'S STATEMENT OF INTEREST – 5:18-cv-05711-BLF

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900