JONATHAN M. JACOBSON (NYS Bar No. 1350495)
jjacobson@wsgr.com
WENDY H. WASZMER (admitted *pro hac vice*)
wwaszmer@wsgr.com
DANIEL P. WEICK (admitted *pro hac vice*)
dweick@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

LISA A. DAVIS, State Bar No. 179854
ldavis@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

*Attorneys for Defendant Symantec Corporation*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NSS LABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CROWDSTRIKE, INC., SYMANTEC CORPORATION, ESET, LLC, AND ANTI-MALWARE TESTING STANDARDS ORGANIZATION, INC., AND DOES 1-50, <br><br> Defendants. | CASE NO.: 5:18-cv-05711 (BLF) <br><br> **DEFENDANT SYMANTEC CORPORATION'S RESPONSE TO THE JUSTICE DEPARTMENT'S STATEMENT OF INTEREST** <br><br> The Honorable Beth Labson Freeman |

Symantec Corporation submits this response to the Statement of Interest filed by the Justice Department's Antitrust Division. ECF 91. As explained below, the Division's submission – even if correct – should have no bearing on the Court's disposition of the motions to dismiss.

1. The SDOAA does not provide an "exemption" from the antitrust laws. Instead, the statute represents a legislative determination that the rule of reason – not the per se rule – applies to standard setting activities of defined SDOs. That simply means the plaintiff must **prove** actual harm to competition, rather than relying on an inflexible rule of law.

2. Symantec does not believe so, but perhaps the Division is right that there is a factual question about whether AMTSO's membership lacks the balance the statute requires for the exclusion from per se analysis to apply. Either way, it makes no difference to the outcome of the pending motions. Whether or not the SDOAA applies to AMTSO, the per se rule is inapplicable to the allegations in NSS' Complaint. There are four principal reasons.

*First*, the setting of the standard and the alleged agreement to abide by it are supported by the plausible efficiency justification of transparency and concomitant greater accuracy in testing. *See Nw. Wholesale Stationers, Inc. v. Pac. Stationery & Printing Co.*, 472 U.S. 284, 294 (1985); *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1155 (9th Cir. 2003); *Bay Area Surgical Mgmt. LLC v. Aetna Life Ins. Co.*, No. 15-cv-01416-BLF, 2016 WL 3880989, at *8, *13 (N.D. Cal. July 18, 2016) (dismissal where "Plaintiffs have not explained how the [conduct] has no plausible procompetitive effects"). *See generally* ECF 42 at 8-10.

*Second*, there is no allegation of an "agreement between companies to disadvantage direct competitors." *Bay Area Surgical*, 2016 WL 3880989, at *12. NSS is not a competitor of any Defendant and alleges nothing to suggest that any Defendant's rivals were disadvantaged in any way.

*Third*, NSS has not alleged that Defendants individually or collectively possessed market power in any relevant market. *See id.* at *10 ("In cases alleging boycotts, Defendants must

-1-

DEFENDANT SYMANTEC CORPORATION'S RESPONSE TO
THE JUSTICE DEPARTMENT'S STATEMENT OF INTEREST
CASE NO.: 5:18-CV-05711 (BLF)

1 'possess[ ] market power or exclusive access to an element essential to competition.'") (quoting *Nw. Wholesale Stationers*, 472 U.S. at 296).

*Fourth*, and finally, as the Court recognized at the hearing – and NSS did not even try to dispute – the AMTSO standard is entirely voluntary. ECF 86 at 49:15-16, 50:2-51:19. Neither the Division nor NSS cite any case, nor Symantec is aware of any, that applies the per se rule to any kind of standard setting – and certainly not where the standard is voluntary.

The Division's Statement, therefore, even if accepted at face value, does not affect the outcome. The per se rule does not apply here as a matter of law.

3. The Division does not address the rule of reason claims. As was made clear at the hearing, there is no allegation of market power and no facts to suggest that competition has been harmed. ECF 86 at 52:20-55:9. Whether or not the SDOAA applies, therefore, the rule of reason claims surely should be dismissed – with leave to replead – on that basis alone.

4. The Division's Statement is problematic even on its own terms. The entire premise of the submission is that AMTSO is not balanced between testers and vendors. But as AMTSO's papers have explained, membership in the organization is open to anyone, and there are simply more non-testers (31) than testers (10) in the organization (and in the marketplace). ECF 52 (Hawes Decl.), Exhs. A, D. If the Division is suggesting that AMTSO must limit the number of non-testers, that would seem to raise more serious antitrust issues than any concern the Division has raised. Who would have to be expelled? How would expulsions be determined? Nothing in the Division's submission addresses these issues.

5. The Division has every right to be heard, and its participation should not be discouraged. But this submission came without any warning to counsel for Defendants, and with no opportunity to address the issues before filing. It also came five months after briefing on the motions was completed, and almost four weeks after the hearing. Had the Division given notice, the omissions in its Statement might have been avoided.

-2-

DEFENDANT SYMANTEC CORPORATION'S RESPONSE TO
THE JUSTICE DEPARTMENT'S STATEMENT OF INTEREST
CASE NO.: 5:18-CV-05711 (BLF)

|     |                          |                                                              |
| --- | ------------------------ | ------------------------------------------------------------ |
| 1   | Dated:  July 8, 2019     | Respectfully submitted,                                      |

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ Jonathan M. Jacobson*

Jonathan M. Jacobson (NYS Bar No. 1350495)
jjacobson@wsgr.com
Wendy H. Waszmer (admitted *pro hac vice*)
wwaszmer@wsgr.com
Daniel P. Weick (admitted *pro hac vice*)
dweick@wsgr.com
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile (212) 999-5899

Lisa A. Davis, State Bar No. 179854
ldavis@wsgr.com
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

*Attorneys for Defendant Symantec Corporation*

-3-

DEFENDANT SYMANTEC CORPORATION'S RESPONSE TO
THE JUSTICE DEPARTMENT'S STATEMENT OF INTEREST
CASE NO.: 5:18-CV-05711 (BLF)