# **EXHIBIT A**

**From:** Ian Feinberg <ifeinberg@feinday.com>
**Date:** Tuesday, December 17, 2019 at 8:47 PM
**To:** "Legaard, Brenna K." <BLegaard@SCHWABE.com>
**Subject:** Motion to Strike

Brenna:  Before I spend the time drafting an opposition to AMTSO's fee motion which will also request that NSS be awarded its fees instead for the reasons stated herein, and also requesting that the hearing be rescheduled for when I am available, I would like to give you the courtesy of bringing to your attention the California Supreme Court's 2018 decision in *Newport Harbor Ventures*, a copy of which is attached.  The sole subject of the case is whether a SLAPP motion can be brought against an amended complaint where, as here, one was not brought against the original complaint.  It unanimously holds that a SLAPP motion like AMTSO's cannot be brought against an amended complaint when it was not brought against the original complaint.

As I am sure you know, there are also a couple of federal Cartwright Act/SLAPP cases remarkably similar to this one which hold that the SLAPP statute does not apply to a complaint like that alleged by NSS.

Please let me know by the close of business tomorrow if AMTSO will withdraw its fee motion in light of *Newport Harbor Ventures,* because otherwise I will need to begin drafting the opposition on Thursday since it is due January 2 and our office is closed from Christmas through New Year.

Thank you for your consideration of  *Newport Harbor Ventures.*

Ian

**Ian Feinberg**
**Feinberg Day Kramer Alberti**
**Lim Tonkovich & Belloli LLP**
577 Airport Boulevard, Suite 250
Burlingame, California 94010
T: 650.825.4300 x101
ifeinberg@feinday.com
www.feinday.com

Case 5:18-cv-05711-BLF   Document 116-2   Filed 12/31/19   Page 3 of 9

Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism, 4 Cal.5th 637 (2018)
413 P.3d 650, 230 Cal.Rptr.3d 408, 18 Cal. Daily Op. Serv. 2705...

4 Cal.5th 637
Supreme Court of California.

NEWPORT HARBOR VENTURES,
LLC, et al., Plaintiffs and Respondents,
v.
MORRIS CERULLO WORLD EVANGELISM
et al., Defendants and Appellants.

S239777
|
Filed 3/22/2018

**Synopsis**
**Background:** Asset managers who obtained option to acquire sublease upon eviction of sublessee brought action against sublessor and sublessor's vice president for breach of written contract, breach of the implied covenant of good faith, quantum meruit, and promissory estoppel. Within 60 days of filing of third amended complaint, sublessor and vice president filed anti-SLAPP motion to strike. The Superior Court, Orange County, No. 30-2013-00665314, Deborah C. Servino, J., denied the motion. Sublessor and vice president appealed, and the Court of Appeal, 6 Cal.App.5th 1207, 212 Cal.Rptr.3d 216, affirmed. The Supreme Court granted petition for review.

**[Holding:]** The Supreme Court, Chin, J., held that anti-SLAPP motion was untimely as to claims included in prior complaints; disapproving Yu v. Signet Bank/Virginia, 103 Cal.App.4th 298, 126 Cal.Rptr.2d 516.

Affirmed.

**Procedural Posture(s):** On Appeal; Special Motion to Strike; Petition for Discretionary Review.

West Headnotes (11)

[1]  **Evidence**
    ⌔ Corporations and Associations and Members Thereof

    Supreme Court considering whether asset managers' corporate status had been suspended would grant managers' request for judicial notice of documentation indicating that their corporate status had been revived. Cal. R. Ct. 8.252, 8.520(g).

[2]  **Corporations and Business Organizations**
    ⌔ Capacity of corporation to sue and be sued

    A corporation may not prosecute or defend an action while its corporate status is suspended for failure to pay taxes.

[3]  **Pleading**
    ⌔ Frivolous pleading

    The anti-strategic lawsuit against public participation (anti-SLAPP) statute provides a procedure for weeding out, at an early stage, meritless claims arising from protected activity. Cal. Civ. Proc. Code § 425.16.

    9 Cases that cite this headnote

[4]  **Pleading**
    ⌔ Frivolous pleading

    The Legislature enacted section the anti-strategic lawsuit against public participation (anti-SLAPP) statute to prevent and deter lawsuits referred to as SLAPPs brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. U.S. Const. Amend. 1; Cal. Civ. Proc. Code § 425.16.

    6 Cases that cite this headnote

[5]  **Pleading**
    ⌔ Frivolous pleading

    Because meritless strategic lawsuit against public participation (SLAPP) lawsuits seek to deplete the defendant's energy and drain his or her resources, the Legislature sought to prevent SLAPPs by ending them early and without great cost to the SLAPP target; the anti-SLAPP statute therefore establishes a procedure where the trial court evaluates the merits of the lawsuit using a summary-judgment-like procedure at an early

Case 5:18-cv-05711-BLF   Document 116-2   Filed 12/31/19   Page 4 of 9

Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism, 4 Cal.5th 637 (2018)
413 P.3d 650, 230 Cal.Rptr.3d 408, 18 Cal. Daily Op. Serv. 2705...

stage of the litigation. Cal. Civ. Proc. Code § 425.16.

10 Cases that cite this headnote

[6]  **Pleading**
   Frivolous pleading

Anti-strategic lawsuit against public participation (anti-SLAPP) statute seeks to limit the costs of defending against meritless lawsuits which seek to deplete the defendant's energy and drain his or her resources. Cal. Civ. Proc. Code § 425.16.

3 Cases that cite this headnote

[7]  **Pleading**
   Application and proceedings thereon

Anti-strategic lawsuit against public participation (anti-SLAPP) motion to strike, brought within 60 days of third amended complaint but after case had been pending for over two years and much discovery had occurred, was untimely as to claims included in prior complaints; disapproving Yu v. Signet Bank/Virginia, 103 Cal.App.4th 298, 126 Cal.Rptr.2d 516. Cal. Civ. Proc. Code § 425.16(f).

2 Cases that cite this headnote

[8]  **Pleading**
   Application and proceedings thereon

An anti-strategic lawsuit against public participation (anti-SLAPP) motion may be brought after an amended complaint, at least as to new claims not previously made. Cal. Civ. Proc. Code § 425.16(f).

16 Cases that cite this headnote

[9]  **Appeal and Error**
   Nature of judgment or decree

An appeal of the grant or denial of an anti-strategic lawsuit against public participation (anti-SLAPP) motion automatically stays all further trial court proceedings on the merits upon the causes of action affected by the motion. Cal. Civ. Proc. Code §§ 425.16, 904.1(i).

7 Cases that cite this headnote

[10]  **Pleading**
   Frivolous pleading

An anti-strategic lawsuit against public participation (anti-SLAPP) motion is not a vehicle for a defendant to obtain a dismissal of claims in the middle of litigation; it is a procedural device to prevent costly, unmeritorious litigation at the initiation of the lawsuit. Cal. Civ. Proc. Code § 425.16.

3 Cases that cite this headnote

[11]  **Pleading**
   Frivolous pleading

Anti-strategic lawsuit against public participation (anti-SLAPP) statute permits a motion against an amended complaint if it could not have been brought earlier, but prohibits belated motions that could have been brought earlier, subject to the trial court's discretion to permit a late motion. Cal. Civ. Proc. Code § 425.16(f).

See 5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 1033.

11 Cases that cite this headnote

**651  ***409 Ct.App. 4/3 G052660, Orange County Super. Ct. No. 30-2013-00665314

**Attorneys and Law Firms**

Galuppo & Blake, Louis A. Galuppo, Carlsbad, Steven W. Blake, Andrew E. Hall, and Daniel T. Watts, Carlsbad, for Defendants and Appellants.

Knypstra Law, Knypstra Hermes, Bradley P. Knypstra and Grant Hermes, Irvine, for Plaintiffs and Respondents.

Case 5:18-cv-05711-BLF   Document 116-2   Filed 12/31/19   Page 5 of 9

Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism, 4 Cal.5th 637 (2018)
413 P.3d 650, 230 Cal.Rptr.3d 408, 18 Cal. Daily Op. Serv. 2705...

## Opinion

CHIN, J.

**\*639** Code of Civil Procedure section 425.16 (§ 425.16), California's so-called anti-SLAPP (strategic lawsuit against public participation) statute, is intended to resolve quickly and relatively inexpensively meritless lawsuits that threaten free speech on matters of public interest. When it applies, section 425.16 permits a defendant to file a special motion to strike a cause of action (sometimes referred to as an anti-SLAPP motion) "within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper." (§ 425.16, subd. (f).) Here, defendants filed the special motion within 60 days of the third amended complaint, but not within 60 days of any earlier complaint. The third amended complaint contains some of the same causes of action as earlier complaints. We granted review to decide whether a special motion to strike an amended complaint may seek dismissal of causes of action that had been included in the earlier complaints.

Because the anti-SLAPP statute is designed to resolve these lawsuits early, but not to permit the abuse that delayed motions to strike might entail, **\*640** we conclude, as did the Court of Appeal, that, subject to the trial court's discretion under section 425.16, subdivision (f), to permit late filing, **\*\*\*410** a defendant must move to strike a cause of action within 60 days of service of the earliest complaint that contains that cause of action.

### I. PROCEDURAL HISTORY

We take this procedural history primarily from the Court of Appeal's opinion. (*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism* (2016) 6 Cal.App.5th 1207, 1211-1215, 212 Cal.Rptr.3d 216 (*Newport Harbor*).)

Plaintiffs Newport Harbor Ventures, LLC, and Vertical Media Group, Inc., sued defendants Morris Cerullo World Evangelism and Roger Artz for damages based on events involving a ground sublease of real property in Newport Beach. Among other allegations, plaintiffs alleged that defendants fraudulently settled an unlawful detainer action involving the property. The first and subsequent complaints alleged multiple causes of action, including breach of written contract and breach of the implied covenant of good faith. Plaintiffs eventually filed a third amended complaint. That complaint also alleged that defendants fraudulently settled the unlawful detainer action. It contained the causes of **\*\*652** action for breach of written contract and breach of the implied covenant of good faith contained in the original complaint and added, for the first time, causes of action for quantum meruit and promissory estoppel.

Within 60 days of the filing of the third amended complaint, defendants moved to strike that complaint under section 425.16. They argued that settlement of the unlawful detainer action was an act arising from the right to petition and therefore is protected under the anti-SLAPP statute. Plaintiffs argued the motion was untimely because it was not brought within 60 days of any earlier complaint. The trial court agreed and denied the motion as untimely. It explained that "[t]he case has been pending for over two years. The court notes that the Complaint and every pleading filed by Plaintiffs thereafter, all referenced the Settlement Agreement at the heart of Defendants' argument. Defendants demurred to every pleading filed by Plaintiffs. They filed a Motion to Strike the Complaint and the Second Amended Complaint. The court has also heard and ruled on Defendants' Motion for Judgment on the Pleadings and Motion for Summary Judgment. Substantial discovery has already taken place. The court has granted several discovery motions filed by Plaintiffs. The purpose of the anti-SLAPP statute is to dismiss meritless lawsuits designed to chill free speech rights at the earliest stage of the case. That purpose no longer applies at this late stage in the litigation."

**\*641** Defendants appealed the denial order. (§ 425.16, subd. (i).) The Court of Appeal affirmed. It held that "a defendant must file an anti-SLAPP motion within 60 days of service of the first complaint (or cross-complaint, as the case may be) that pleads a cause of action coming within section 425.16[, subdivision] (b)(1) unless the trial court, in its discretion and upon terms it deems proper, permits the motion to be filed at a later time (§ 425.16[, subd.] (f) ). An amended complaint reopens the time to file an anti-SLAPP motion without court permission only if the amended complaint pleads new causes of action that could not have been the target of a prior anti-SLAPP motion, or adds new allegations that make previously pleaded causes of action subject to an anti-SLAPP motion." (*Newport Harbor, supra,* 6 Cal.App.5th at p. 1219, 212 Cal.Rptr.3d 216.)

Case 5:18-cv-05711-BLF   Document 116-2   Filed 12/31/19   Page 6 of 9

**Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism, 4 Cal.5th 637 (2018)**
413 P.3d 650, 230 Cal.Rptr.3d 408, 18 Cal. Daily Op. Serv. 2705...

The court also concluded that defendants' motion was timely as to the two new causes of action pleaded for the first time in the third **amended complaint**. "To conclude ***411 otherwise," it explained, "would allow [plaintiffs] to circumvent the purpose of the anti-**SLAPP** statute by holding back those two causes of action from earlier complaints." (*Newport Harbor, supra*, 6 Cal.App.5th at p. 1220, 212 Cal.Rptr.3d 216, citing *Lam v. Ngo* (2001) 91 Cal.App.4th 832, 840-841, 111 Cal.Rptr.2d 582 (*Lam*).) But it also concluded that plaintiffs had established a probability of prevailing on those causes of action and, accordingly, the trial court correctly denied the anti-SLAPP motion. (*Newport Harbor*, at pp. 1212, 1220-1226, 212 Cal.Rptr.3d 216.)

We granted defendants' petition for review. Later, we issued an order limiting review to the issue concerning the proper interpretation of section 425.16, subdivision (f). (Cal. Rules of Court, rule 8.516(a)(1).)

## II. DISCUSSION

### A. Suspension of Corporate Status.

[1] [2] A corporation may not prosecute or defend an action while its corporate status is suspended for failure to pay taxes. (*Bourhis v. Lord* (2013) 56 Cal.4th 320, 324, 153 Cal.Rptr.3d 510, 295 P.3d 895.) Before oral argument, the question arose whether plaintiffs' corporate status had been suspended. The day before oral argument, plaintiffs' counsel filed documentation indicating that both corporations' corporate status had been revived. We grant plaintiffs' request to judicially notice the documents. (Cal. Rules of Court, rules 8.252, 8.520(g).) Accordingly, counsel properly represented the plaintiffs at oral argument.

### *642 B. The Proper Interpretation of Code of Civil Procedure section 425.16, subdivision (f).

"Section 425.16 provides, inter alia, that 'A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution **653 in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.' (*Id*., subd. (b)(1).)

'As used in this section, "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law....' (*Id*., subd. (e).)" (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 58, 124 Cal.Rptr.2d 507, 52 P.3d 685.)

[3] [4] [5] [6] Section 425.16 "provides a procedure for weeding out, at an early stage, *meritless* claims arising from protected activity." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384, 205 Cal.Rptr.3d 475, 376 P.3d 604.) "The Legislature enacted section 425.16 to prevent and deter 'lawsuits [referred to as SLAPPs] brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.' (§ 425.16, subd. (a).) Because these meritless lawsuits seek to deplete 'the defendant's energy' and drain 'his or her resources' [citation], the Legislature sought ' "to prevent SLAPPs by ending them early and without great cost to the SLAPP target" ' [citation]. Section 425.16 therefore establishes a procedure where the trial court evaluates the merits of the lawsuit using a summary-judgment-like procedure at an early stage of the litigation. [Citation.] In doing so, ***412 section 425.16 seeks to limit the costs of defending against such a lawsuit." (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 192, 25 Cal.Rptr.3d 298, 106 P.3d 958.)

[7] The parties seem to agree that defendants' action in settling the unlawful detainer action was an act "in furtherance of [their] right of petition or free speech" (§ 425.16, subd. (b)(1) ), and thus constitutes protected activity under section 425.16. (See *Newport Harbor, supra*, 6 Cal.App.5th at p. 1211, 212 Cal.Rptr.3d 216.) We will assume that to be the case. The issue before us concerns the timing of section 425.16's special motion to strike. Section 425.16, subdivision (f), provides as relevant: "The special motion may be filed within 60 days of the service of the *complaint* or, in the court's discretion, at any later time upon terms it deems proper." (Italics added.) We must decide how this provision applies to an *amended* complaint.

Case 5:18-cv-05711-BLF    Document 116-2    Filed 12/31/19    Page 7 of 9

Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism, 4 Cal.5th 637 (2018)
413 P.3d 650, 230 Cal.Rptr.3d 408, 18 Cal. Daily Op. Serv. 2705...

**\*643** In *Lam, supra,* 91 Cal.App.4th 832, 111 Cal.Rptr.2d 582, the question arose whether a defendant could file the special motion to strike within 60 days of service of an amended complaint if the amended complaint added new causes of action for acts that section 425.16 protects. As the *Lam* court described it, the question was "whether the words 'the complaint' in section 425.16. subdivision (f) may include amended complaints, or necessarily are restricted to just the original." (*Lam,* at p. 840, 111 Cal.Rptr.2d 582.) The plaintiff argued that the motion to strike had to be made within 60 days of the original complaint or not at all. The court disagreed.

"[T]he purpose of the anti-SLAPP suit law would be readily circumventable if a defendant's only opportunity to strike meritless SLAPP claims were in an attack on the original complaint. Causes of action subject to a special motion to strike could be held back from an original complaint.... [¶] In context, the 'special' anti-SLAPP suit motion is directed at a particular document, namely 'the complaint.' It would make no sense to read 'complaint' to refer to an earlier complaint that contained no anti-free-speech claims, but not allow such a motion for a later complaint that had been amended to contain some. After all, the whole purpose of the statute is to provide a mechanism for the *early* termination of claims that are improperly aimed at the exercise of free speech or the right of petition." (*Lam, supra,* 91 Cal.App.4th at pp. 840-841, 111 Cal.Rptr.2d 582.)

A similar, but slightly different, issue arose in *Yu v. Signet Bank/Virginia* (2002) 103 Cal.App.4th 298, 126 Cal.Rptr.2d 516 (*Yu*). There, as in *Lam, supra,* 91 Cal.App.4th 832, 111 Cal.Rptr.2d 582, the plaintiff argued that **\*\*654** a special motion to strike was untimely because it was filed within 60 days of the amended complaint, but not within 60 days of the original complaint. The Court of Appeal held that the word "complaint" in section 426.16, subdivision (f), includes an amended complaint. It noted that *Lam* "point[ed] out among other things that if the statute were construed as the [plaintiffs] urge, a plaintiff might attempt to circumvent the anti-**SLAPP** law by waiting until an **amended complaint** to assert its **SLAPP** allegations." (*Yu,* at p. 314, 126 Cal.Rptr.2d 516.)

[8] Under *Lam* and *Yu,* an anti-**SLAPP** motion may be brought after an **amended complaint**, at least as to new claims not previously made. The Court of Appeal in this case agreed with those cases to that extent. (*Newport Harbor, supra,* 6 Cal.App.5th at p. 1220, 212 Cal.Rptr.3d 216.) We do too, for the reasons, quoted above, that the *Lam* court identified. But what about causes of action in an amended complaint that were included in an earlier complaint? May the defendant file the special motion to strike those causes of action **\*\*\*413** when it could have done so sooner after service of the earlier complaint? *Lam, supra,* 91 Cal.App.4th 832, 111 Cal.Rptr.2d 582, did not address the question.

**\*644** The *Yu* court did address the question. It ruled broadly that the motion to strike following an amended complaint was timely even though it could have been filed sooner. "Admittedly, this is not a case where an anti-SLAPP motion was promptly made to counter SLAPP allegations first added to an amended pleading. [The defendants] could have filed their motion at the outset of the case and ... their anti-SLAPP theory seems to have been an afterthought. [The defendants'] opportunity to belatedly raise that theory arose as a matter of right only because the [plaintiffs] were required to file a third **amended complaint**, which deleted many more allegations than it added, and added nothing that implicated the anti-**SLAPP** law. We nevertheless conclude ... that [the defendants'] motion was timely because it was filed within 60 days of service of the third amended complaint." (*Yu, supra,* 103 Cal.App.4th at p. 315, 126 Cal.Rptr.2d 516.)

Without specifically citing *Yu, supra,* 103 Cal.App.4th 298, 126 Cal.Rptr.2d 516, the court in *Hewlett-Packard Co. v. Oracle Corp.* (2015) 239 Cal.App.4th 1174, 191 Cal.Rptr.3d 807 disagreed with this last point, albeit in dicta. "The rule that an **amended complaint** reopens the time to file an anti-**SLAPP** motion is intended to prevent sharp practice by plaintiffs who might otherwise circumvent the statute by filing an initial complaint devoid of qualifying causes of action and then amend to add such claims after 60 days have passed. [Citation.] But a rule properly tailored to that objective would permit an amended pleading to extend or reopen the time limit only as to *newly pleaded* causes of action arising from protected conduct. A rule automatically reopening a case to anti-SLAPP proceedings upon the filing of *any* amendment permits defendants to forgo an early

Case 5:18-cv-05711-BLF   Document 116-2   Filed 12/31/19   Page 8 of 9

Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism, 4 Cal.5th 637 (2018)
413 P.3d 650, 230 Cal.Rptr.3d 408, 18 Cal. Daily Op. Serv. 2705...

motion, perhaps in recognition of its likely failure, and yet seize upon an amended pleading to file the same meritless motion later in the action, thereby securing the 'free time-out' condemned in [ *People ex rel. Lockyer v. Brar* (2004) ] 115 Cal.App.4th 1315, 1318 [9 Cal.Rptr.3d 844]." ( *Hewlett-Packard Co.*, at p. 1192, fn. 11, 191 Cal.Rptr.3d 807.)

The Court of Appeal in this case agreed with *Hewlett-Packard Co. v. Oracle Corp., supra*, 239 Cal.App.4th 1174, 191 Cal.Rptr.3d 807, in this regard. (*Newport Harbor, supra*, 6 Cal.App.5th at pp. 1217-1218, 212 Cal.Rptr.3d 216.) It "disagree[d] with *Yu* to the extent it holds that a defendant has an absolute right to file an anti-<mark>SLAPP</mark> motion to an <mark>amended complaint</mark>, even when the motion could have been brought against an earlier complaint." (*Id.* at p. 1218, 212 Cal.Rptr.3d 216.) It quoted our explanation in *Varian Medical Systems, Inc. v. Delfino, supra*, 35 Cal.4th at page 192, 25 Cal.Rptr.3d 298, 106 P.3d 958, that section 425.16 was intended to end meritless SLAPP suits early without great cost to the target. It said permitting a defendant an absolute right to file an anti-<mark>SLAPP</mark> motion to an <mark>amended complaint</mark> "would encourage gamesmanship that could defeat rather than advance that purpose." (*Newport Harbor*, at p. 1218, 212 Cal.Rptr.3d 216.)

**\*\*655 \*645** We agree with the Court of Appeal. Section 425.16 provides a means for the prompt and relatively inexpensive resolution of lawsuits that threaten free speech. But it also "present[s] the possibility for abuse of the anti-SLAPP statute." (*Platypus Wear, Inc. v. Goldberg* (2008) 166 Cal.App.4th 772, 783, 83 Cal.Rptr.3d 95.)

[9] "All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this **\*\*\*414** section. The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion." (§ 425.16, subd. (g).) "An order granting or denying a special motion to strike shall be appealable under [Code of Civil Procedure s]ection 904.1." (*Id.*, subd. (i).) An appeal under this provision "automatically stays all further trial court proceedings on the merits upon the causes of action affected by the motion." (*Varian Medical Systems, Inc. v. Delfino, supra*, 35 Cal.4th at p. 186, 25 Cal.Rptr.3d 298, 106 P.3d 958.) Because of these provisions, as one Court of Appeal put it, we "have acknowledged the ironic unintended consequence that

anti-SLAPP procedures, enacted to curb abusive litigation, are also prone to abuse." (*Olsen v. Harbison* (2005) 134 Cal.App.4th 278, 283, 35 Cal.Rptr.3d 909.) "[S]ome anti-SLAPP appeals will undoubtedly delay litigation even though the appeal is frivolous or insubstantial.... [S]uch a result may encourage defendants to 'misuse the [anti-SLAPP] motions to delay meritorious litigation or for other purely strategic purposes.' " (*Varian Medical Systems, Inc.*, at p. 195, 25 Cal.Rptr.3d 298, 106 P.3d 958.)

[10] [11] In this case, as the trial court noted when it exercised its discretion to deny a late filing, much litigation, including discovery, had already been conducted for two years before the anti-SLAPP motion brought it to a halt. It is far too late for the anti-SLAPP statute to fulfill its purpose of resolving the case promptly and inexpensively. "An anti-SLAPP motion is not a vehicle for a defendant to obtain a dismissal of claims in the middle of litigation; it is a procedural device to prevent costly, unmeritorious litigation at the initiation of the lawsuit." (*San Diegans for Open Government v. Har Construction, Inc.* (2015) 240 Cal.App.4th 611, 625-626, 192 Cal.Rptr.3d 559.) To minimize this problem, section 425.16, subdivision (f), should be interpreted to permit an anti-<mark>SLAPP</mark> motion against an <mark>amended complaint</mark> if it could not have been brought earlier, but to prohibit belated motions that could have been brought earlier (subject to the trial court's discretion to permit a late motion). This interpretation maximizes the possibility the anti-SLAPP statute will fulfill its purpose while reducing the potential for abuse.

Defendants argue that, because filing an anti-SLAPP motion stays discovery proceedings, and an appeal from the denial of the motion stays all further trial court proceedings on the merits of the causes of action affected by the motion, permitting defendants to challenge only new causes of action in an <mark>amended complaint</mark> cannot further judicial efficiency. We disagree. Perfect **\*646** efficiency may be unobtainable. But limiting an anti-<mark>SLAPP</mark> motion to new causes of action can make the process more efficient. Claims unaffected by the anti-SLAPP motion might be able to go forward. Moreover, a rule limiting the anti-SLAPP motion to new causes of action can streamline the resolution of the motion and any ensuing appeal by limiting the number of issues to be resolved. The plaintiff also has control over what to allege in an <mark>amended complaint</mark>. An <mark>amended complaint</mark> might not add new causes of action subject to an anti-<mark>SLAPP</mark> motion, in which case no anti-<mark>SLAPP</mark> motion at all would be permitted.

Case 5:18-cv-05711-BLF   Document 116-2   Filed 12/31/19   Page 9 of 9

Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism, 4 Cal.5th 637 (2018)
413 P.3d 650, 230 Cal.Rptr.3d 408, 18 Cal. Daily Op. Serv. 2705...

For these reasons, we agree with the Court of Appeal's interpretation of section 425.16, subdivision (f). Specifically, we agree with the summary of its holding quoted in part I., *ante*, of this opinion. (Newport Harbor, supra, 6 Cal.App.5th at p. 1219, 212 Cal.Rptr.3d 216.) (We express no opinion regarding its further conclusion that plaintiffs had established a probability of prevailing on the new causes of action.)

 ***415 Defendants argue that this conclusion requires overruling Baral v. Schnitt, supra, 1 Cal.5th 376, 205 Cal.Rptr.3d 475, 376 P.3d 604. It does not. That case concerned how "the special motion to strike operate[s] **656 against a so-called 'mixed cause of action' that combines allegations of activity protected by the statute with allegations of unprotected activity." (Id. at p. 381, 205 Cal.Rptr.3d 475, 376 P.3d 604.) It did not consider the timeliness of any motion to strike or the proper interpretation of section 425.16, subdivision (f).

### III. CONCLUSION

We affirm the judgment of the Court of Appeal. We also disapprove Yu v. Signet Bank/Virginia, supra, 103 Cal.App.4th 298, 126 Cal.Rptr.2d 516, to the extent it is inconsistent with this opinion.

WE CONCUR:

CANTIL-SAKAUYE, C.J.

CORRIGAN, J.

LIU, J.

CUÉLLAR, J.

KRUGER, J.

RAYE, J.[*]

**All Citations**

4 Cal.5th 637, 413 P.3d 650, 230 Cal.Rptr.3d 408, 18 Cal. Daily Op. Serv. 2705, 2018 Daily Journal D.A.R. 2625

Footnotes

[*]   Administrative Presiding Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**End of Document**  © 2019 Thomson Reuters. No claim to original U.S. Government Works.