# **EXHIBIT B**

**From:** "Legaard, Brenna K." <BLegaard@SCHWABE.com>
**Date:** Wednesday, December 18, 2019 at 1:03 PM
**To:** Ian Feinberg <ifeinberg@feinday.com>
**Cc:** "Brown, Arnold E" <ABrown@SCHWABE.com>, "Olmstead, Julie A." <JOlmstead@SCHWABE.com>
**Subject:** RE: Motion to Strike


Ian,

Thank you for your email, and for extending the courtesy of sharing your analysis regarding the *Newport Harbor Ventures* case.  However, you misstate the holding in that case.  The California Supreme Court actually held that:

An amended complaint reopens the time to file an anti-SLAPP motion
without court permission only if the amended complaint
pleads new causes of action that could not have been the target
of a prior anti-SLAPP motion, or adds new allegations that
make previously pleaded causes of action subject to an anti-
SLAPP motion.

423 P.3d at 652.

In this case, the amended complaint added new allegations that made the previously-pleaded causes of action subject to an anti-SLAPP motion.  The anti-SLAPP statute applies to causes of action that arise from any act in furtherance of a person's right of petition or free speech.  The original complaint alleged that AMTSO violated antitrust law by merely existing, and by "imposing restrictions" on testers in an unspecified manner.  The original complaint did not allege that AMTSO participated in the alleged conspiracy by acting in furtherance of its right of free speech or petition-- as the Court found, "it is entirely unclear from the complaint how ASMTSO joined or participated in the alleged conspiracy." The amended complaint specified for the first time that AMTSO's act from which NSS's cause of action arose was its adoption of the testing standard. See, e.g, paragraph 20.

20. At a minimum, the Conspirators comprise (1) EPP Vendor Conspirators who offer EPP platforms and AEP platforms to customers and (2) AMTSO, an organization whose sole purpose is to adopt testing standards with the intent and understanding that the EPP Vendor members of AMTSO would make the testing standards *de facto* mandatory by boycotting testing services that do not adhere to them.

Thus, the amended complaint reopened the time to file an anti-SLAPP motion without court permission under *Newport Harbor Ventures* because it alleged for the first time that AMTSO violated antitrust law by adopting the standard, which is an act in furtherance of AMTSO's free speech.

I had forgotten you were out of town on the noticed date. I will arrange for a different hearing date.

And finally, if you feel that further discussion of this or anything else would be constructive, please do not hesitate to give me a call.

Brenna


**Schwabe** Williamson & Wyatt

**Brenna K. Legaard**
Shareholder
Direct: 503-796-2471
Cell: 503-490-6902
blegaard@schwabe.com
Vcard  LinkedIn

**Ideas fuel industries. Learn more at:**
www.schwabe.com

---

**From:** Ian Feinberg <ifeinberg@feinday.com>
**Sent:** Tuesday, December 17, 2019 8:48 PM
**To:** Legaard, Brenna K. <BLegaard@SCHWABE.com>
**Subject:** Motion to Strike

Brenna:  Before I spend the time drafting an opposition to AMTSO's fee motion which will also request that NSS be awarded its fees instead for the reasons stated herein, and also requesting that the hearing be

rescheduled for when I am available, I would like to give you the courtesy of bringing to your attention the California Supreme Court's 2018 decision in *Newport Harbor Ventures*, a copy of which is attached. The sole subject of the case is whether a SLAPP motion can be brought against an amended complaint where, as here, one was not brought against the original complaint. It unanimously holds that a SLAPP motion like AMTSO's cannot be brought against an amended complaint when it was not brought against the original complaint.

As I am sure you know, there are also a couple of federal Cartwright Act/SLAPP cases remarkably similar to this one which hold that the SLAPP statute does not apply to a complaint like that alleged by NSS.

Please let me know by the close of business tomorrow if AMTSO will withdraw its fee motion in light of *Newport Harbor Ventures,* because otherwise I will need to begin drafting the opposition on Thursday since it is due January 2 and our office is closed from Christmas through New Year.

Thank you for your consideration of *Newport Harbor Ventures.*

Ian

**Ian Feinberg**
**Feinberg Day Kramer Alberti**
**Lim Tonkovich & Belloli LLP**
577 Airport Boulevard, Suite 250
Burlingame, California 94010
T: 650.825.4300 x101
ifeinberg@feinday.com
www.feinday.com

_____

NOTICE: This email may contain material that is confidential, privileged and/or
attorney work product for the sole use of the intended recipient. Any review,
reliance or distribution by others or forwarding without express permission is
strictly prohibited. If you are not the intended recipient, please contact the sender
and delete all copies.