**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NSS LABS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>SYMANTEC CORPORATION et al.,<br><br>        Defendants. | Case No. 18-cv-05711-BLF<br><br>**ORDER DENYING DEFENDANT AMTSO'S MOTION FOR ATTORNEY'S FEES**<br><br>[Re: ECF 112] |

This was an antitrust suit brought by Plaintiff NSS Labs, Inc. ("NSS Labs") against various named and Doe defendants, which was ultimately voluntarily dismissed. Now before the Court is Defendant Anti-Malware Testing Standards Organization, Inc. ("AMTSO") Motion for Attorney's Fees, which was heard on March 5, 2020. ECF 112 ("Mot."). As set forth below, the motion is DENIED.

The original Complaint—which was filed on September 18, 2018, ECF 1—was dismissed by this Court pursuant to Federal Rule of Civil Procedure 12(b)(6), upon Defendants' motions. *See* ECF 42, 43, 51 (Defendants' various motions to dismiss the Complaint); ECF 99 (dismissal order). However, the dismissal was with leave to amend, so Plaintiff filed its Amended Complaint on August 31, 2019. ECF 100.

On October 24, 2019, all remaining Defendants moved to dismiss the Amended Complaint in a joint motion brought under Rule 12(b)(6). ECF 104. That same day, one of the Defendants—Defendant AMTSO—also separately filed a "Contingent Motion to Strike Pursuant to Cal. Civ. [Proc.] Code § 425.16." ECF 105. That motion sought the following relief: "In the event that the Court denies the Defendants' Motion to Dismiss, AMTSO moves for an order striking the State Law Claims against AMTSO and awarding AMTSO its attorneys fees and costs pursuant to Cal.

Civ. Proc. Code § 425.16(c)(1)." *Id.* at 1.

Yet, before either of these motions could be fully briefed for this Court's decision, Plaintiff voluntarily dismissed all of its claims against Defendants without prejudice. ECF 111. Accordingly, the Court administratively closed the case. Then, on December 17, 2019, Defendant AMTSO filed a Motion for Attorney's Fees, ECF 112, which is now before the Court. In that motion, AMTSO asks the Court to grant its previously-filed Contingent Motion to Strike and award attorney's fees pursuant to Cal. Civ. Code § 425.16. Mot. at 1.

AMTSO brings its Motion for Attorney's Fees under California's anti-SLAPP statute, which permits courts at an early stage to dismiss meritless cases "aimed at chilling expression through costly, time-consuming litigation." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001). The procedural mechanism for doing so is a "special motion to strike" under Cal. Civ. Proc. Code § 425.16(b)(1). The statute further provides that "a prevailing defendant on a special motion to strike" "is entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1). Where, as here, "the plaintiff dismisses the alleged SLAPP before the court rules on a pending motion to strike, the mooting of the merits of the motion does not bar a defendant from recovering attorneys' fees." *Law Offices of Bruce Altschuld v. Wilson*, 632 Fed. App'x 321, 323 (9th Cir. 2015); *see also Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 106-07 (1998) (explaining that "[o]therwise, SLAPP plaintiffs could achieve most of their objective with little risk—by filing a SLAPP suit, forcing the defendant to incur the effort and expense of preparing a special motion to strike, then dismissing the action without prejudice."). In such cases, the Court considers merits of the original motion to strike solely to determine the "prevailing" party for the purpose of attorney's fees. *Law Offices of Bruce Altschuld*, 632 Fed. App'x at 323.

Thus, the Court retains jurisdiction to decide AMTSO's Motion for Attorney's Fees. That motion must be DENIED, however, because AMTSO would not have prevailed on the Contingent Motion to Strike. The Contingent Motion to Strike would not be properly before the Court, as it was expressly dependent upon a contingency that never came to pass. AMTSO made its motion contingent upon the Court denying Defendants' motion to dismiss the Amended Complaint, which

2

the Court did not do. That contingency was clearly stated in the Notice of Motion and the Relief Sought, both of which asked for the Court's assistance only "in the event that the Court denies the Defendants' Motion to Dismiss." ECF 105 at 2. Not only has the Court not denied Defendants' Motion to Dismiss, that eventuality was rendered impossible when Plaintiff dismissed its claims.

AMTSO acknowledges that the Motion to Strike was a contingent one, but disagrees as to the contingency. Pointing to the Introduction of its opening brief on the Motion to Strike, AMTSO says the contingency was that "the Court does not dismiss the claims against AMTSO." ECF 105 at 3; *see* Mot. at 3-4. AMTSO maintains that this contingency *has* occurred, because *the Court* did not dismiss Plaintiff's claims—Plaintiff did. Mot. at 3-4. This attempt to parse the language of the brief is not persuasive. As already shown, AMTSO presented the contingency in different language elsewhere in its brief—in the Notice of Motion and the Relief Sought, no less. As phrased in those places (as requiring the Court to "deny" the motion to dismiss), the contingency was not triggered. More importantly, the lack of precision in AMTSO's wording indicates that its focus was not on *who* dismissed the claims, but *whether* they were dismissed or remained live.

And to the extent the Court must resolve a conflict between the various phrasings, the Court looks to the formal Notice of Motion. *Cf., e.g.*, *Smith v. California Dep't of Correction*, No. F-06-0368 AWISMS, 2006 WL 3518257, at *2 (E.D. Cal. Dec. 6, 2006) ("There is no notice regarding Fed. R. Civ. Proc. 12(b)(6) and the motion will not be treated as one."). Any ambiguity in interpreting the effect of AMTSO's own tactical decision to stack these motions is interpreted against AMTSO's post hoc explanation of its intent. A fair reading of AMTSO's own words points in a different direction. Thus, the Court finds that AMTSO chose to make its Motion to Strike contingent upon the claims moving forward, which they did not.

Having found that the Contingent Motion to Strike was never triggered into being, the Court holds that Defendant AMTSO would not have been the prevailing party, regardless of the merits of the motion.[1] Accordingly, the instant motion for attorney fees is DENIED.

---

[1] As a result, the Court does not reach Plaintiff's contention that AMTSO's Contingent Motion to Strike was not timely filed under *Newport Harbor Ventures, LLC v. Morris Cerullo World*

**IT IS SO ORDERED.**

Dated: April 21, 2020

_____
BETH LABSON FREEMAN
United States District Judge

---

*Evangelism*, 4 Cal. 5th 637, 646 (2018). *See* ECF 116 at 2. The Court nevertheless registers its skepticism that the Ninth Circuit would apply *Newport Harbor Ventures* in federal court. *Newport Harbor Ventures* appears to construe the phrase in Cal. Civ. Proc. Code § 425.26(f) providing that "[t]he special motion may be filed within 60 days of the service of the complaint . . . ." *See id.* at 642. Specifically, the California Supreme Court interpreted "complaint" to mean only the original complaint and not an amended complaint, except in limited circumstances. But the Ninth Circuit has held that the 60-day time limit in § 425.26(f) does not apply in federal court. *Sarver v. Chartier*, 813 F.3d 891, 900 (9th Cir. 2016) (explaining that the deadline "directly collide[s] with the more permissive timeline Rule 56 provides for the filing of a motion for summary judgment."). As a result, the Court does not believe *Newport Harbor Ventures* would preclude AMTSO's Contingent Motion to Strike, despite its being directed at an amended complaint.

4